# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| LUIS AGUILERA, derivatively on behalf of CO-DIAGNOSTICS, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> DWIGHT H. EGAN, REED L. BENSON, BRENT SATTERFIELD, EUGENE DURENARD, EDWARD MURPHY, JAMES NELSON, and RICHARD S. SERBIN, <br><br>      Defendants. <br><br> CO-DIAGNOSTICS, INC., <br><br>      Nominal Defendant. | Case No. 2:20-cv-00654-JNP-CMR <br><br> **ORDER GRANTING UNOPPOSED MOTION FOR CONSOLIDATION OF RELATED CASES AND APPOINTMENT OF CO-LEAD COUNSEL AND LIAISON COUNSEL** <br><br><br> Judge Jill N. Parrish |
| MELVYN KLEIN, derivatively on behalf of CO-DIAGNOSTICS, INC., <br><br>      Plaintiff, <br><br>   v. <br><br> DWIGHT H. EGAN, REED L. BENSON, BRENT SATTERFIELD, EUGENE DURENARD, EDWARD MURPHY, JAMES NELSON, and RICHARD S. SERBIN, <br><br>      Defendants. <br><br> CO-DIAGNOSTICS, INC., <br><br>      Nominal Defendant. | Case No. 2:20-cv-00850-DBB-JCB <br><br><br> Judge David Barlow |

WHEREAS, on September 17, 2020, Plaintiff Luis Aguilera filed a shareholder derivative action on behalf of Nominal Defendant Co-Diagnostics, Inc. ("Co-Diagnostics" or the "Company") in this Court alleging causes of action for breach of fiduciary duty, and unjust enrichment, against Defendants Dwight H. Egan, Reed L. Benson, Brent Satterfield, Eugene Durenard, Edward Murphy, James Nelson, and Richard S. Serbin (the "Individual Defendants"), and Nominal Defendant Co-Diagnostics (together with the Individual Defendants, "Defendants") captioned *Aguilera v. Egan, et al.*, Case No. 2:20-cv-00654-JNP-CMR (the "*Aguilera* Action");

WHEREAS, on December 2, 2020, Plaintiff Melvyn Klein filed a shareholder derivative action on behalf of Nominal Defendant Co-Diagnostics in this Court alleging causes of action for breach of fiduciary duty and waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Securities and Exchange Act of 1934 against the Defendants captioned *Klein v. Egan et al.*, Case No. 2:20-cv-00850-DBB-JCB (the "*Klein* Action," and together with the *Aguilera* Action, the "Related Derivative Actions");

WHEREAS, Plaintiffs Luis Aguilera and Melvyn Klein ("Plaintiffs") agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve the same questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Gainey McKenna & Egleston and The Brown Law Firm, P.C., the respective resumes of which are attached to the motion, shall be designated as Co-Lead Counsel representing plaintiffs in the consolidated action;

WHEREAS, Plaintiffs have conferred with counsel for Defendants, and, without waiving any rights, arguments or defenses, Defendants do not oppose that the Related Derivative Actions should be consolidated and take no position regarding appointment of Co-Lead Counsel;

WHEREAS, this stipulation is not a waiver of any of the parties' rights, remedies, claims or defenses.

WHEREFORE, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.      The stays entered in the *Klein* Action and the *Aguilera* Action, respectively, are temporarily lifted for the limited purpose of Plaintiffs making the motion for consolidation and the Court's ruling on it.

2.      The undersigned counsel for Defendants hereby accepts, as of today's date, personal service of the complaints filed in the *Aguilera* Action and the *Klein* Action, to the extent they were not already served or waived service, but each Defendant expressly reserves all rights, defenses, and other objections (other than insufficient process or insufficient service of process).

3.      The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 2:20-cv-00654-JNP-CMR (the "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|-----------|-------------|------------|
| *Aguilera v. Egan, et al.* | 2 :20-cv-00654-JNP-CMR | September 17, 2020 |
| *Klein v. Egan, et al.* | 2:20-cv-00850-DBB-JCB | December 2, 2020 |

4.      Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE CO-DIAGNOSTICS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case: 20-cv-00654-JNP-CMR |

5.      All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case 20-cv-00654-JNP-CMR.

6.      Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Tel: (212) 983-1300
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Tel: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

7.      Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

4

8.      Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs.  No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

9.      Liaison Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**ANDERSON & KARRENBERG**
Jason Greene, Esq.
50 West Broadway, Suite 700
Salt Lake City, UT 84101
Email: jgreene@aklawfirm.com

10.     Plaintiffs' Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Liaison Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

11.     Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

12.     This Order is without prejudice to the right of any Defendant to raise any and all arguments or defenses concerning the claims raised in the Consolidated Action.

13.     This Order is without prejudice to the right of any Plaintiff to raise any and all arguments or claims.  By entering into this stipulation, each plaintiff preserves all claims of any kind.

14.     The Consolidated Action remains temporarily stayed pursuant to the terms of the Court's order entered in the *Klein* Action on February 23, 2021.

IT IS HEREBY ORDERED that the motion is GRANTED.


Dated: April 29, 2021

_____
The Honorable Judge Jill N. Parrish
DISTRICT COURT JUDGE